UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNNY LEE CISSELL     Plaintiff

v.     Civil Action No. 3:22-CV-P128-RGJ

KENTUCKY DEPARTMENT OF
CORRECTIONS, *et al.*     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION**

    This matter is before the Court on initial review of Plaintiff Johnny Lee Cissell's *pro se* civil-rights complaint [DE 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action as frivolous.

**I.**

    Plaintiff, a convicted inmate, was housed at the Kentucky State Reformatory (KSR) when he filed suit. He has since been transferred. He names as Defendants the Kentucky Department of Corrections (KDOC); KSR Warden Anna Valentine; Deputy Warden Philip Campbell; Wellpath Health Service Administrator Jeremy Nation; KDOC Commissioner Cookie Crews; KSR Unit Administrator (UA) II Danny Perry; and additional unknown Defendants. All Defendants are sued in their individual and official capacities.

    According to the complaint, in November 2020, Defendants violated Plaintiff's Eighth Amendment right to be held without cruel and unusual punishment when they "acted with deliberate indifference by putting [him] in the circumstance to be exposed and ultimately become infected" with the pandemic COVID-19 virus. Plaintiff alleges that Wellpath nursing staff stated that "the Administration and the (KSR) Medical Dept. wanted to achieve 'Herd' immunity as

soon as possible by allowing all inmates to get infected/sick" and that their decision evidenced a reckless disregard for life and health.

Plaintiff states that on December 3, 2020, he was informed that he had tested positive for COVID-19. He attributes catching the virus to Defendants' decision to move six inmates, known to be COVID-19 positive, into the "C-wing" where he was housed.

Plaintiff states that he was very ill with COVID-19 for over a week. He includes among his symptoms loss of taste and smell, which he states continued at the time he filed his complaint. He also alleges that while he was sick, he did not receive any treatment from KSR medical staff; that no medical personnel checked on sick inmates; and that inmates were told to purchase Tylenol from the canteen for their fever. Plaintiff further states that after testing negative for the virus, he went to "sick call only to be told by the medical staff that 'No one knows the long term effects of exposure to the COVID-19 virus.'"

According to the complaint, because the grievance office was closed during an institutional lockdown at KSR occasioned by the pandemic, Plaintiff could not file a grievance related to his exposure to COVID-19 until January 3, 2021. Plaintiff's grievance, dated January 3, 2021, and attached to his complaint, concerned the allegedly deliberate move of infected inmates at KSR to achieve "'herd immunity'" resulting in his catching COVID-19. Plaintiff explains that his grievance was deemed non-grievable by Defendant Campbell on January 6, 2021, and that he "signed for his copy [of the grievance rejection] on 01/12/2021, thusly finalizing his grievance and exhausting his administrative remedies." According to Plaintiff, "There is no appeal of a denial of a grievance that has been determined to be 'Non Grievable.'"

Plaintiff asks for declaratory relief or, alternatively for monetary damages, and for punitive damages.

Attached to the complaint are Plaintiff's grievance, the Grievance Rejection Notification, and copies of the results of several COVID-19 tests, including a December 3, 2020, test (positive) and a March 8, 2021, test (negative).

**II.**

When a prisoner seeks relief from governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Additionally, the Supreme Court has held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. at 215. Plaintiff states that all events described in the complaint occurred "starting in November 2020 and concluding in January 2021." Here, it is obvious from the face of the complaint, that Plaintiff's claims of deliberate indifference to his health and safety due to Defendants' deliberately exposing him to COVID-19 are barred by the statute of limitations.[1]

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80

---

[1] Although the complaint mentions that he did not receive any treatment from KSR medical staff; that no medical personnel checked on sick inmates; and that inmates had to purchase Tylenol, the focus of his complaint is that he was deliberately exposed to COVID-19, not the alleged lack of treatment. Accordingly, the Court finds that Plaintiff has not raised a claim of deliberate indifference with regard to the treatment he received while he was sick. In any event, such a claim, had he raised it, would also be time-barred.

3

(1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *See Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *see also Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  Here, Plaintiff knew or should have known of his injury from Defendants' movement of sick inmates into the wing where he was housed at the latest when he became ill with COVID-19.

To the extent that by alleging that his loss of taste and smell continues or that he may have other after-effects of COVID-19 in the future Plaintiff is attempting to invoke the "continuing-violation" doctrine, those allegations are immaterial in this case.  The so-called continuing-violation doctrine is a narrow exception to the general rule that a statute of limitations commences when the wrongful conduct occurs and is rarely used in § 1983 cases.  *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003); *Arya v. Taxak*, 3:17-CV-032-TBR, 2017 WL 5560411, at *11 n.13 (W.D. Ky. Nov. 17, 2017) ("The continuing violation doctrine is a narrow exception to the statute of limitations rule, and courts are hesitant to apply it outside the Title VII context.").  The Sixth Circuit has explained that a continuing violation in the context of a § 1983 deliberate-indifference claim "is occasioned by continual unlawful acts, not continual ill effects

from an original violation," *Bruce v. Corr. Med. Serv.*, 389 F. App'x 462, 466 (6th Cir. 2010) (internal quotation marks and citation omitted), a situation not relevant here.

Because prisoners like Plaintiff cannot bring suit in federal court until they have exhausted their administrative remedies, the running of the applicable statute of limitations is tolled for the period during which a prisoner is exhausting "such administrative remedies as are available." *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000); *see also Kapp v. Booker*, No. CIV.A. 05-402-JMH, 2006 WL 385306, at *4 (E.D. Ky. Feb. 16, 2006) ("[F]ederal law unambiguously requires a prisoner to exhaust all available administrative remedies as prerequisite to filing a lawsuit with respect to prison conditions."). According to the complaint, Plaintiff could not grieve his exposure to COVID-19 until January 3, 2021, and he attaches to his complaint a copy of the grievance he filed on that date.[2] The Court will consider the one-year statute of limitations as tolled until the grievance process begun by Plaintiff on January 3, 2021, ended. *See, e.g.*, *Phillips v. Ballard*, No. 5:17-CV-301-REW, 2019 WL 2359571, at *12 (E.D. Ky. June 4, 2019) ("The one-year limitations countdown resumed the day after Phillips exhausted his administrative remedies[.]")

Plaintiff explains that his grievance was deemed non-grievable by Defendant Campbell on January 6, 2021, and that he "signed for his copy on 01/12/2021, thusly finalizing his grievance and exhausting his administrative remedies." According to Plaintiff, "There is no appeal of a denial of a grievance that has been determined to be 'Non Grievable.'" For purposes of this initial review, the Court accepts the premise that the one-year period was tolled until January 13, 2021.

---

[2] The reasons indicated on the form for nongrievability were that it contained inappropriate language; that it asked for inappropriate action to be taken; and that it contained opinion, hearsay, and legalese.

Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). This occurs, "absent contrary evidence, . . . on the date he or she signed the complaint." *Id.*; *see also Sydnor v. Louisville Police Dep't*, No. 3:18CV-P186-JHM, 2018 WL 4210788, at *3 n.1 (W.D. Ky. Sept. 4, 2018) ("While Plaintiff does not state on what date he handed over the original complaint to prison officials for mailing, he signed the original complaint on March 21, 2018, and the Court will construe it as being filed on that date.").

Plaintiff's complaint was signed on February 25, 2022, but does not indicate when it was given to prison officials for mailing. As there is no contrary evidence, the Court will construe the complaint as being filed on the date it was signed, February 25, 2022, which is one year and 43 days after Plaintiff says his grievance process was finalized. As such, this action is time-barred. *See Reece v. Whitley*, No. 3:15-0361, 2016 WL 705265, at *9 (M.D. Tenn. Feb. 23, 2016) (holding that *pro se* plaintiff's § 1983 complaint was untimely and subject to dismissal when filed one day after Tennessee's one-year statute of limitations period had expired), *report and recommendation adopted*, 2016 WL 5930886 (M.D. Tenn. Oct. 12, 2016).

Because the instant action is time-barred, it will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III.

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:  March 2, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety
A961.009

6