UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHNNY LEE CISSELL**                                                                                       **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:22-CV-00128-JHM**

**KENTUCKY DEPARTMENT OF CORRECTIONS,** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Johnny Lee Cissell's *pro se* civil-rights complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I.

Plaintiff, a convicted inmate, was housed at the Kentucky State Reformatory ("KSR") when he filed suit. He has since been transferred. He names as Defendants the Kentucky Department of Corrections ("KDOC"); KSR Warden Anna Valentine; KSR Deputy Warden Philip Campbell; Wellpath Health Service Administrator Jeremy Nation; KDOC Commissioner Cookie Crews; KSR Unit Administrator (UA) II Danny Perry; and additional unknown Defendants. All Defendants are sued in their individual and official capacities. According to the complaint, in November 2020, Defendants violated Plaintiff's Eighth Amendment right to be held without cruel and unusual punishment when they "acted with deliberate indifference by putting [him] in the circumstance to be exposed and ultimately become infected" with the pandemic COVID-19 virus. Plaintiff alleges that Wellpath nursing staff stated that "the Administration and the (KSR) Medical Dept. wanted to achieve 'Herd' immunity as soon as possible by allowing all inmates to get infected/sick" and that their decision evidenced a reckless disregard for life and health.

Plaintiff states that on December 3, 2020, he was informed that he had tested positive for COVID-19. He attributes catching the virus to Defendants' decision to move six inmates, known to be COVID-19 positive, into the "C-wing" where he was housed. Plaintiff states that he was very ill with COVID-19 for over a week. He includes among his symptoms loss of taste and smell, which he states continued at the time he filed his complaint. He also alleges that while he was sick, he did not receive any treatment from KSR medical staff; that no medical personnel checked on sick inmates; and that inmates were told to purchase Tylenol from the canteen for their fever. Plaintiff further states that after testing negative for the virus, he went to "sick call only to be told by the medical staff that 'No one knows the long term effects of exposure to the COVID-19 virus.'" According to the complaint, because the grievance office was closed during an institutional lockdown at KSR occasioned by the pandemic, Plaintiff could not file a grievance related to his exposure to COVID-19 until January 3, 2021. Plaintiff's grievance, dated January 3, 2021, and attached to his complaint, concerned the allegedly deliberate move of infected inmates at KSR to achieve "'herd immunity'" resulting in his catching COVID-19. Plaintiff explains that his grievance was deemed non-grievable by Defendant Campbell on January 6, 2021, and that he "signed for his copy [of the grievance rejection] on 01/12/2021, thusly finalizing his grievance and exhausting his administrative remedies." According to Plaintiff, "There is no appeal of a denial of a grievance that has been determined to be 'Non Grievable.'" Plaintiff asks for declaratory relief or, alternatively for monetary damages, and for punitive damages.

Attached to the complaint are Plaintiff's grievance, the Grievance Rejection Notification, and copies of the results of several COVID-19 tests, including a December 3, 2020, test (positive) and a March 8, 2021, test (negative).

Additionally, in a motion to reconsider that the Court also construed as supplementing the complaint [DN 14], Plaintiff makes specific allegations and explanations regarding the delay he experienced from January 6, 2022, to February 25, 2022, in filing his § 1983 action. Plaintiff provides receipts, affidavits, and other evidence regarding the events that transpired during this time in support of his position that the doctrine of equitable tolling applies to the case. In its previous Memorandum and Order [DN 17], the Court found that Plaintiff alleged sufficient facts to suggest that he may be entitled to equitable tolling should the statute of limitations be raised as a defense by Defendants.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of

legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. KDOC

The KDOC is as an agency of the Commonwealth of Kentucky, and KSR is part of the KDOC. *See* KRS § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the KDOC must be dismissed.

### B. Official-Capacity Claims for Damages against State Defendants

Plaintiff sues each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Warden Valentine, Deputy Warden Campbell, Commissioner Crews, and UA Perry ("State Defendants") are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Warden Valentine, Deputy Warden Campbell, Commissioner Crews, and UA Perry for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### C. Other Additional Defendants

Despite Plaintiff's naming of "Additional Unknown Defendants" in the caption of his complaint, Plaintiff fails to identify any single instance of specific wrongful conduct performed by the "Additional Unknown Defendants." The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)). "'Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.'" *Cruz v. Forshey*, No. 2:23-CV-194, 2023 WL 3493994, at *6 (S.D. Ohio May 17, 2023) (quoting *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)).

Because Plaintiff has not asserted any factual allegations against these "Additional Unknown Defendants," they will be dismissed for failure to state a claim for which relief may be granted.

### D. Eighth Amendment

Upon review, the Court will allow Plaintiff's Eighth Amendment claims for deliberate indifference to health/safety to proceed against Defendants Warden Valentine, Deputy Warden Campbell, Commissioner Crews, and UA Perry in their individual capacities and against Wellpath Health Service Administrator Jeremy Nation in his individual and official capacities. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome of the case.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1)  The Court allows Plaintiff's Eighth Amendment claims for deliberate indifference to health/safety to proceed against Defendants Warden Valentine, Deputy Warden Campbell, Commissioner Crews, and UA Perry in their individual capacities and against Wellpath Health Service Administrator Jeremy Nation in his individual and official capacities.

(2)  Plaintiff's § 1983 claims against the KDOC, the Additional Unknown Defendants, and all the official-capacity claims for monetary damages against the State Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

(3)  The Clerk of Court is **DIRECTED to terminate the KDOC and the Additional Unknown Defendants** as Defendants to this action because all claims against them have been dismissed.

(4)  The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date: October 26, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014